UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TARA PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TV PRODUCTS USA, INC., <br><br> Defendant. | Case No. 0:14cv62259 |

## Complaint

Substance of the Action

1.     This is an action for breach of a written contract. Plaintiff produced infomercials for Defendant's Always Fresh Containers product. Globally recognized, Defendant continues to sell this product domestically and internationally. The parties' contract provided Plaintiff with accounting and royalty rights. Plaintiff previously sued Defendant over these rights in this District in *Tara Productions, Inc. v. TV Products USA, Inc.,* Case No. 10-61322-Civ-Cooke/Bandstra. That case was dismissed without prejudice and the Court retained jurisdiction to enforce the parties' settlement agreement. While the settlement resolved that case, it did not impact any post-November 30, 2010 claims. However, Defendant failed to provide any accounting or reports for the end of 2010 to date, making it impossible for Plaintiff to calculate its royalties. During this time, Defendant also failed to pay any royalties to Plaintiff. On July 7, 2014, Plaintiff sent a demand letter for an accounting to Defendant, but Defendant failed to respond and is in breach of contract.

Jurisdiction and Venue

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as this action involves disputes between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3.     This Court has personal jurisdiction over the parties as a substantial portion of the negotiations, performance and execution of the contract occurred in Broward County, Florida. More specifically, this Court may exercise personal jurisdiction over Defendant as Defendant has

breached its contract with Plaintiff in Florida; and is engaging in business in Florida; solicited Plaintiff's services in Florida; injury to Plaintiff in Florida including by omissions outside this state; and otherwise engaged in substantial activity within Florida sufficient to subject it to personal jurisdiction.

4. Venue is proper in this district under 28 U.S.C. § 1391, as a substantial portion of material events or omissions upon which the claims are based occurred here and as the contract contains a forum selection clause requiring the parties to litigate in Broward County, Florida.

Parties

5. Plaintiff is a Florida corporation which maintains its principal place of business and carries out its core executive and administrative functions in Broward County, Florida.

6. Defendant is a New York corporation which maintains its principal place of business and carries out its core executive and administrative functions in New York.

Facts Common to all Claims for Relief

7. On January 20, 2009, the parties entered into a valid and binding contract supported by valuable consideration, under which Defendant agreed to pay Plaintiff various fees and costs for the production of two television infomercials for the globally recognized "Always Fresh Containers" (the "Agreement"). A true and correct copy of the Agreement is attached as Exhibit 1.

8. The Agreement also obligated Defendant to provide Plaintiff with detailed accountings and reports for calculating royalty fees.

9. As Plaintiff was not privy to Defendant's sales data, and information regarding the sales was necessary to calculate Plaintiff's royalty, Defendant was contractually obligated to keep Plaintiff informed about sales information through the accounting and reports. Because of their importance and necessary function, Defendant's accounting and reporting obligations are material terms under the Agreement.

10. On January 13, 2011, the parties entered into a settlement and release agreement resolving their prior litigation (the "Settlement/Release").

2

11. Under Section 4 of the Settlement/Release, the parties clarified and restated Plaintiff's entitlement to and amount of royalties for post-August 2, 2010 sales. Plaintiff is entitled to a 2% royalty on all sales and up-sales generated in direct response to the television commercial and a 1% royalty for all other sales.

12. Under this formula, Plaintiff must know the sales and how they were generated. However, Defendant failed to provide Plaintiff with an accounting since the end of 2010.

13. Defendant's failure to provide Plaintiff with an accounting and reports is a material breach of the Agreement.

14. Failing to provide an accounting and reports prevents Plaintiff from identifying the royalties it is entitled to under the Agreement.

15. Defendant's material breach of the Agreement has and continues to damage Plaintiff.

16. Through Defendant's prior representations, Plaintiff was due nearly $200,000 in 2009 alone. This issue was resolved by the Settlement/Release. A simple search on www.amazon.com provides 470 results for sales of Always Fresh Containers and www.alwaysfreshcontainers.us still advertises and sells Always Fresh Containers. As Defendant failed to provide an accounting from the end of 2010, Plaintiff reasonably believes it is due over $500,000.

17. All conditions precedent to suing have occurred, been performed and/or have otherwise been excused, satisfied or waived.

18. The Agreement entitles Plaintiff to recover its attorneys' fees and costs.

19. Plaintiff has retained the undersigned attorneys to represent it and must pay its attorneys reasonable fees and costs for their services.

Count 1 – Breach of Contract

20. Plaintiff adopts and incorporates ¶¶ 1-19 *in haec verba*.

21. The Agreement is a valid and binding contract supported by valuable consideration.

22. Under the Agreement Defendant agreed to provide Plaintiff with accountings and reports to enable the parties to calculate Plaintiff's royalties.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 – (305) 377-0086

23. Defendant's contractual obligation to provide accountings and reports is a material term of the Agreement.

24. Plaintiff has fully (and, at a minimum, substantially) performed all of its material contractual obligations.

25. In breach of the Agreement, Defendant failed to provide accountings or reports for the end of 2010 to date.

26. Defendant's breach of contract proximately caused injury to Plaintiff in an amount not less than $75,000.

27. Plaintiff is therefore entitled to a judgment in an amount to be determined at trial, inclusive of pre- and post-judgment interest.

28. Plaintiff is further entitled to attorneys' fees and costs under the Agreement.

Count 2 – Accounting

29. Plaintiff adopts and incorporates ¶¶ 1-19 *in haec verba*.

30. The nature of Plaintiff's business relationship with Defendant was of a fiduciary nature, as Defendant was to collect the sales revenue, determine from that revenue the appropriate royalty due to Plaintiff, and then pay that royalty to Plaintiff.

31. Moreover, the business relationship between Plaintiff and Defendant regarded a complex set of transactions, which numbered in the thousands of consumer sales and required considerable data to manager and account for.

32. As described in more detail above, Plaintiff cannot ascertain the measure of its damages as Defendant has not performed the required accountings and has proven itself to be an unreliable reporter of sales data sufficient to determine royalties.

33. For these reasons, a remedy at law is inadequate and Plaintiff requires an accounting to determine its damages.

WHEREFORE, Plaintiff requests this Court enter judgment:

A. awarding it actual damages,

B. awarding it reasonable attorneys' fees and costs under the Agreement,

C. directing that an accounting be had of the transactions sufficient to determine the royalty due to Plaintiff; and

4

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 – (305) 377-0086

23. Defendant's contractual obligation to provide accountings and reports is a material term of the Agreement.

24. Plaintiff has fully (and, at a minimum, substantially) performed all of its material contractual obligations.

25. In breach of the Agreement, Defendant failed to provide accountings or reports for the end of 2010 to date.

26. Defendant's breach of contract proximately caused injury to Plaintiff in an amount not less than $75,000.

27. Plaintiff is therefore entitled to a judgment in an amount to be determined at trial, inclusive of pre- and post-judgment interest.

28. Plaintiff is further entitled to attorneys' fees and costs under the Agreement.

Count 2 – Accounting

29. Plaintiff adopts and incorporates ¶¶ 1-19 *in haec verba*.

30. The nature of Plaintiff's business relationship with Defendant was of a fiduciary nature, as Defendant was to collect the sales revenue, determine from that revenue the appropriate royalty due to Plaintiff, and then pay that royalty to Plaintiff.

31. Moreover, the business relationship between Plaintiff and Defendant regarded a complex set of transactions, which numbered in the thousands of consumer sales and required considerable data to manager and account for.

32. As described in more detail above, Plaintiff cannot ascertain the measure of its damages as Defendant has not performed the required accountings and has proven itself to be an unreliable reporter of sales data sufficient to determine royalties.

33. For these reasons, a remedy at law is inadequate and Plaintiff requires an accounting to determine its damages.

WHEREFORE, Plaintiff requests this Court enter judgment:

A. awarding it actual damages,

B. awarding it reasonable attorneys' fees and costs under the Agreement,

C. directing that an accounting be had of the transactions sufficient to determine the royalty due to Plaintiff; and

4

D. granting it such other and further relief as the Court deems just and proper.

Dated:  October 1, 2014                                   Respectfully submitted,

                                                          */s/ Paul D. Turner*
                                                          Paul D. Turner, Esq. (113743)
                                                          pturner@pbyalaw.com
                                                          Joshua B. Spector, Esq. (584142)
                                                          jspector@pbyalaw.com
                                                          PERLMAN, BAJANDAS, YEVOLI &
                                                          ALBRIGHT, P.L.
                                                          200 South Andrews Avenue, Suite 600
                                                          Fort Lauderdale, FL 33301
                                                          Telephone: (954) 566-7117
                                                          Facsimile: (954) 566-7115
                                                          *Attorneys for Tara Productions, Inc.*

5

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 – (305) 377-0086